CASE 35—PETITION ORDINARY—JUNE 23.

# O'Donoghue vs. Akin.

APPEAL FROM FRANKLIN CIRCUIT COURT.

1. The 3d section of the act of 1856, "to prevent selling and using certain weapons," is unconstitutional, because the act includes two different subjects, and the subject of the 3d section is not expressed in the title. (2 Rev. Stat., 509.)

2. The supplemental act of 1866 is not retroactive; but if it had been so, it should not be applied to a case occurring before its passage, because it partakes of the obnoxious spirit of all ex post facto legislation.

J. L. Scott, for appellant, cited 2 Rev. Stat., 509; Sess. Acts, 1865, p. 6.

Jno. Rodman on same side.

A. J. James, for appellee, cited Const. Ky., art 3, sec. 37; 2 Mct., 589; 4 Met., 293; 5 Mon., 133; 3 Call., 268, 286; 4 Bl. Com., 312.

T. N. & D. W. Lindsey, on same side, cited Myers' Sup., 681; 4 Mct., 72; 3 Marsh., 489; Hard., 62; 4 Litt., 377; 10 B. Mon., 172; 3 Dall., 386; 7 Johns., 505; 2 Peters' App., 681; Brac., lib. 4, fol. 228; 2 Just., 292; 2 Mod., 310; 2 Lev., 227.

Harlan & Harlan, on same side, cited Rev. Stat., sec. 14, ch. 21; 5 B. Mon., 565; 2 Bouv. Law Dic., 475; 1 Kent's Com., 501; 3 Dall, 397; 7 Johns, 494; 6 Bac. Abr., 370; Co. Litt., 360.

G. W. Craddock on same side.

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

Mary Ann O'Donoghue, on the 19th of January, 1866, brought this action against John Brent Akin for killing her husband unlawfully with a pistol in October, 1865.

The circuit court sustained a demurrer to the petition, and rendered judgment in bar of the action.

If, as the circuit court seemed to think, there was no law authorizing the appellant to recover damages for the imputed act, the judgment was right. And, in the opinion of this court, there was, when the homicide occurred, no such law. Right or wrong, it has been authoritatively adjudged by this

court, as well as courts of other States, that the common law did not authorize such an action.

· The only Kentucky statutes bearing on the question are an act of the 10th of March, 1856, entitled "An act to prevent selling and using certain weapons" (2d vol. Stanton's Rev. Stat., p. 509), and an act of January the 12th, 1866, entitled "An act to prevent the careless or wanton or malicious use of deadly weapons."

The act of 1856, so far as it might apply to this case, is unconstitutional, and therefore not law, because killing with a pistol is not embraced by either the title or titular subject of the act.

The first subject was the selling or using of weapons (not fire-arms) specified and enumerated, and the two first sections apply exclusively to that subject; and the third section embraces killing in "any other way" or by any other weapons, including, of course, fire-arms not specified and not included in the "certain weapons" contemplated by the title, but embracing a killing by fire-arms or poison or in any other mode.

·The act, therefore, includes two distinct and different subjects; and the last subject, which alone would apply to this case, is not embraced by the title. And the supplemental enactment of 1866 is constructively a legislative recognition of this interpretation, for it would be useless and superfluous for any other purpose than to supply the constitutional defect in the misjoinder in the statute of 1856, and which, therefore, must be the presumed object of it.

Consequently, as hitherto adjudged by this court, so much of the 3d section of the act of 1856 as would apply to a killing with a pistol was forbidden by the Constitution, which declares, that "no law enacted by the General Assembly shall relate to more than one subject, and that shall be expressed in the title."

The statute of 1866 was enacted since the imputed homicide, and cannot retroact so as to make the appellee civilly responsible for an act for which, when done, he was not liable to any action for damages. In the language of Kent, "the very essence of a new law is a rule for future cases;" and this

is implied in the definition of all law, *as a rule of conduct and of right*. On this sound and self-evident principle the Constitution forbids *ex post facto* enactments for making acts criminal which were not so when done, and all enactments retroacting on contracts so as to impair their obligation. And, although retrospective legislation, neither *ex post facto* nor impairing contracts, *may* be constitutional—as when it only regulates remedies for existing rights and wrongs, or aids or confirm rights—yet, consistently with the spirit of the Constitution, personal or proprietary rights cannot be injuriously affected by any such legislation. No such retrospection can operate civilly, any more than criminally, on an antecedent act for which, when done, there was no liability to an action for damages or penalty. Hence, no statute will be construed as intended to be retrospective, unless such an interpretation shall be inevitable. It is quite as easy to construe the act of 1866 prospective as retrospective. But, had it been expressly retroactive, it should not be applied to this case, because it partakes of the obnoxious spirit of all *ex post facto* legislation in authorizing vindictive damages, not merely compensatory, but highly punitory.

This statute, therefore, cannot uphold this action, and we know of no law that can sustain it.

Wherefore, as the judiciary cannot make law, but can only expound and apply it as constitutionally made or adopted by the legislative department, the judgment of the circuit court must be affirmed.