CASE 42—ACTION FOR PERSONAL INJURIES FROM BITE OF DOG—APRIL 20.

# Wolff v. Lamann.

APPEAL FROM JEFFERSON CIRCUIT COURT, COMMON PLEAS DIVISION.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS. REVERSED.

PLEADING KNOWLEDGE THAT THE DOG WAS VICIOUS—CONTRIBUTORY
NEGLIGENCE BY INFANT—FAILURE TO PLEAD NEGATIVE ALLEGATIONS.

Held: 1. The petition in an action under Kentucky Statutes, sec. 68, to recover damages for injuries from the bite of a dog owned and kept by defendants, need not' allege that the injury did not occur upon the premises of the owners after night, or that plaintiff was not engaged in some unlawful act during the daytime; these exceptions to the statute being matters of defense.

2. It was a question for the jury whether plaintiff, a girl of eleven years of age, who was bitten by a dog, was guilty of contributory negligence in teasing and annoying a dog while he was eating; the inquiry being whether she exercised that degree of care which, under the circumstances, would reasonably be expected of a girl of her years and capacity.

KOHN, BAIRD & SPINDLE, FOR APPELLANT.

1. The petition does not state a cause of action for negligence, because it does not allege either negligence or facts from which it can be inferred. Railroad v. Wolf, 80 Ky., 82.

Nor a cause of action for keeping a vicious dog, because it fails to allege the scienter. Young v. Murray, 12 Bush, 337.

Nor an action on the statute for keeping a vicious dog, because it does not negative the exceptions so as to bring the plaintiff within the purview of the statute. Chitty on Pleading, vol. 1, star pages, 223, 309; Bacon's Abridgment Old Com. Law Statute, L. 1 East, 646; Vanvasour v. Ormrod, 6 B. C., 430; Am. Ac-

cident Co. v. Carson, 99 Ky., 441; Railroad v. Belcher, 89 Ky., 193; Nichols v. Sennitt, 78 Ky., 630; Newman on Pleading, 398; Central Asylum v. Penick, 19 Ky. Law Rep., 1584; Commonwealth v. Bull, 13 Bush, 656; Wharton on Crim. Pleading (9th ed.), secs. 240-1; Definition of Term "*clause.*" Am. Ency. Dictionary, vol. 2, page 913; Webster's Unabridged Dictionary; Bouvier's Law Dic., vol. 1, page 278; Am & Eng. Ency. of Law (2d ed.), vol. 6, page 108; Federal Rules in Equity, 21.

2. A dog is property in Kentucky. Commonwealth v. Hazelwood, 84 Ky., 681; Cunningham v. Koestal, 97 Ky., 421.

3. It is the *issue* joined and not the evidence or instruction that cures defects in pleading. Chitty on Pleading, vol. 1. star page, 673; Stephens on Pleading, 164; Bogenschuetz v. Smith, 84 Ky., 330; Evans v. Stone, 80 Ky., 78; Drake v. Semonin, 82 Ky., 294.

4. Where a cause of action exists at common law, and the statute enlarges the remedy, it is necessary to plead the statute, or conclude that the damage is contrary to the statute. Bell v. Norris, 79 Ky., 48; Courtney v. Jennings, 19 Ky. Law Rep., 1912;

5. It is error to submit the construction of a statute to a jury. Thompson on Trials, vol. 1, secs. 1050-1052; Bogenschuetz v. Smith, 84, 363; Boreing v. Hurst, 20 Ky. Law Rep., 134.

6. It is only the person who has control of a dog that is made responsible for its conduct, and the court should have so told the jury. Whallen v. Wetzel, 6 Ky. Law Rep., 49; Whittmore v. Thomas, 153 Mass., 347; Cullenkill v. Haverhill, 128 Mass., 218; Auchmuty v. Hamm, 1 Den, (N. Y.), 495; Meyer v. Poggemoeller, 47 Mo. App., 560; Cummings v. Riley, 52 N. H., 368; Burnham v. Strother, 66 Mich., 519; Shearman & Red. on Negligence (5th ed.), vol. 2, sec. 633; Baker v. Kinzie, 38 Cal., 631; Simpson v. Griggs, 58 Hun., 393.

7. The statute does not eliminate the defence of contributory negligence. Orne v. Roberts, 51 N. H., 110; Quimby v. Woodbury, 63 N. H., 370; Cunningham v. Koestel, 97 Ky., 421.

8. Mere temporary disfigurement is not a criterion in the assessment of damages. Standard Oil Co. v. Tierney, 92 Ky., 380; Railroad v. McEwan, 17 Ky. Rep., 406.

9. Section 601, Civil Code, is not a mandatory rule on the court to exclude the evidence of a witness who is put under the rule, but leaves a discretion in the court to be exercised in the furtherance of justice to prevent perjury. Railroad v. McCleaver, 18 Rep., 1036; Johnson v. Clen, 82 Ky., 87; Bush v. Wathen, 47 S. W. R., 599.

CARUTH, CHATTERSON & BLITZ for appellee.

1. The allegations in the petition are sufficient to support the ver-

dict. It is not necessary to negative the exception, but it is
a matter of defense. Bush v. Wathen, 47 S. W., 599; Chitty on
Pleadings, vol. 1, pages 223, 309; Vavasane v. Ormrod, 6 B. C., 430;
Am., Acc. Co. v. Carson, 99 Ky., 441-44; L. & N. R. R. Co. v.
Belcher, 89 Ky., 197; Bishop on Crim. Procedure, vol. 1, secs.
632, 631, 635; Commonwealth v. Bull, 13 Bush, 656; Am. & Eng.
Ency., vol. 18, 571; Chitty on Pleading, vol. 1, marginal page
256; 3 B. & C., 189; Com. v. McClannahan, 2 Met. 8; Goulds'
Pleading, sec. 22, chap. 4.

2. The court is bound to decide on instructions as they are drafted
and presented to the court, but is not bound to mold them into
the proper form. Clark v. Baker, 7 J. J. Marshall, 197.

3. The language of the statute needs no interpretation. "*Owning,
having or keeping*" are words as familiar to the juror as to the
court and required no interpretation.

4. The motion for a judgment for the defendant *non-obstante*, and the
one for a new trial, were both properly overruled. Owensboro
Water Co. v. City of Owensboro, 6 Ky., 665; Mast, &c., v. Leh-
man, 18 Ky. Law Rep., 949; Vaughn v. Gardner, 7 B. Mon., 27.

OPINION OF THE COURT BY JUDGE BURNAM—REVERSING.

This is an action for tort, brought under section 68 of
the Kentucky Statutes, to recover damages for an injury
to plaintiff, a girl of eleven years of age, from the bite of
a dog alleged to have been owned and kept by the defend-
ants. The answer of the defendants is in two paragraphs.
In the first they deny that any of them owned or kept
the dog at the time and place referred to in the petition,
or at all; and in the second paragraph they plead contrib-
utory negligence, and allege that the dog was quiet and
good-natured, and that he was provoked to bite the plain-
tiff by her attempting to take from him a piece of meat
which he was eating, and otherwise teasing and annoy-
ing him. Plaintiff replied, denying that the dog was quiet
and good-natured, or that she attempted to take the
meat from him, or otherwise teased or annoyed him. The
trial resulted in a verdict and judgment in favor of plain-
tiff for $1,000, which the defendants say was attributable

to a number of errors committed to their prejudice by the trial court.

First, it is insisted that the court erred in failing to sustain their motion for a judgment notwithstanding the verdict, because the petition does not state a cause of action at common law, for the reason that it does not allege that appellants knew the dog was vicious,—knowiedge of such viciousness being the foundation of such an action at common law; and, second, that it does not state a cause of action under the statute, because it fails to allege that the injury did not occur upon the premises of the owners of the dog after night, or that she was not engaged in some unlawful act in the daytime.

The petition alleges that the dog was owned and kept by the defendants, and while so owned and kept by them, it bit the plaintiff. These are the essential allegations, under the statute, to authorize a recovery in a proceeding of this sort, and it was not necessary for the plaintiff to have negatived the existence of the exceptions provided by the statute as a ground of defense. This question was considered in the opinion rendered in the case of Bush v. Wathen, (Ky.), 47 S. W., 599; and it was there held that "the plaintiff in an action under this statute, to recover damages for an injury inflicted by a dog, is not required to negative the exceptions," so it will therefore be unnecessary for us to again consider that question. We are of opinion that the averments of the petition were sufficient to support a cause of action under the statute, and that the motion for judgment upon the pleadings was properly overruled.

The trial court refused to instruct the jury upon the issue of contributory negligence raised by the second paragraph of the answer, upon the ground that it was not in

violation of the rights of the defendants for the infant
plaintiff to tease or annoy the dog when it was eating
meat, or to attempt to take the meat from him, and was
not an unlawful act, under the statute. It was held in
Bush v. Wathen, *supra*, that contributory negligence was
available as a defense in an action under this statute, and
that "the act of the plaintiff in teasing and worrying the
dog, and but for which the dog would not have bitten
him, might be pleaded;" and this seems to be the general
rule. It was held in Keightlinger v. Egan, 65 Ill., 235,
that "if the plaintiff wantonly irritated and aggravated
the dog, and the dog bit him in repelling the aggression,
and not from a mischievous propensity, the plaintiff should
not be allowed to recover for damages caused by his own
wrong;" and in Fake v. Addicks, 45 Minn., 37, (47 N. W.,
450,) that "where a person voluntarily and unnecessarily
provokes a vicious animal, and thus invites or induces the
injury, knowing the probable consequences, he is not en-
titled to recover." And the ruling in Muller v. McKesson,
73 N. Y., 195, and in Lynch v. McNally, Id., 347, is to the
same effect. It is a matter of common knowledge that
dogs, and indeed, all wild animals, are especially irratable
when eating, and that any interference with them at this
time is attended with more or less danger of retaliation
on their part; and to have attempted to take away from
the dog the meat which he was eating, or to have other-
wise teased or annoyed him at that time, is such evidence
of contributory negligence as authorized the submission
of this question to the jury. But it is proper to say that
the age of the plaintiff is an important fact for the con-
sideration of the jury in passing upon this question, and
a child of eleven years of age should not be put upon the
same plane of care and diligence as an adult. Due care

on her part did not require the judgment and thoughtfulness which would be expected of an adult under the same circumstances, and she is entitled to recover, if, under the circumstances, she exercised that degree of care which under like circumstances would reasonably be expected of a girl of her years and capacity.  See Meibus v. Dodge, 38 Wis., 300; Plumley v. Birge, 124 Mass., 57; and Linck v. Scheffel, 32 Ill. App., 17.

Other errors are complained of, in the rejection of testimony, but, as they are not likely to again occur, they will not be considered.  For the reasons indicated, the judgment is reversed, and the cause remanded for a new trial consistent with this opinion.