CASE 6—ACTION TO RECOVER DAMAGES FOR THE DEATH OF PLAINTIFF'S HUSBAND—NOV. 26.

# Hollingsworth v. Warnock.

### APPEAL FROM GREENUP CIRCUIT COURT.

JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS—REVERSED.

ACTION FOR CAUSING DEATH—INCONSISTENT DEFENSES—ELECTION—EVIDENCE TO SHOW ACCIDENTAL SHOOTING—EVIDENCE OF THREATS—ADMISSIBILITY OF EVIDENCE UNDER GENERAL ISSUE—ADMISSION THAT SHOOTING WAS NOT IN SELF-DEFENSE—INSTRUCTIONS TO JURY.

Held: 1. In an action by a widow under Kentucky Statutes, sec. 4, to recover damages for the careless and wanton killing of her husband, the defenses of shooting in self-defense and of accidental shooting are inconsistent, and where both were pleaded by defendant the court properly sustained a motion to require him to elect on which of the defenses he would rely.

2. Though defendant elected to rely on the defense of accidental shooting, evidence tending to show that he drew his pistol to avert threatened danger to his life was admissible, as the jury might otherwise have believed that the shot was fired carelessly and wantonly; and it was therefore proper to admit evidence of declarations made by deceased on the day of the shooting in the presence of defendant to the effect that he "would cut a man all to hell," and also evidence that he had been discharged from certain railroad yards because he was going to cut the yard master with a knife.

3. Evidence of threats by deceased to the effect that he would kill somebody before morning, which were never communicated to defendant, were too general to be admissible for any purpose.

4. Plaintiff having introduced evidence of an ambiguous remark made by defendant just before the killing, it was proper to permit him to explain the remark; and it was also proper to permit him to prove the whole of the conversation of which the remark in question was a part.

5. Evidence as to deceased having drank liquor at various times during the day of the killing should have been excluded, as it was amply proved without such testimony that he was under the influence of liquor at the time of the killing.

6. Under Kentucky Statutes, sec. 4, giving a right of action to the widow and minor child of a person killed by the careless, wanton or malicious use of firearms, "not in self-defense," evidence tending to show either that the killing was in self-defense or was accidental is admissible under a common traverse of the averments of the petition; but where the defendant, having affirmatively pleaded both those defenses, and being properly required to elect upon which he would rely, elected to rely upon the defense of accidental shooting, his answer stood as an admission that he did not do the shooting in self-defense, and it was therefore error to require the jury to believe, in order to find for plaintiff, that the shooting was done "not in self-defense," that being admitted.

J. B. WILHOIT AND W. J. WORTHINGTON, ATTORNEYS FOR APPEL-LANT.

This is the second time this case has been before this court.

The petition alleges, in substance, that the appellee, Warnock, not in his self defense, carelessly and wantonly shot and killed appellant's husband with a pistol, by which she was deprived of his protection, etc.

The appellee, in his original answer, denied that he, not in his self defense, carelessly or wantonly shot and killed deceased.

Upon the second trial, appellee filed an amended answer, over the objection of appellant, setting up as his defense, self-defense and an accidental shooting. Being required to elect which of these pleas he would rely on, he elected to rely on his plea of accidental shooting.

These two pleas being inconsistent, the ruling of the court was right in requiring him to elect. Beatty v. Dudley, 80 Ky., 381; Turnpike Co. v. Maupin, 79 Ky., 101; Rooney v. Tierney, 82 Ky., 253.

We claim that the court erred in permitting any testimony to go to the jury tending to show that the shooting was done in self-defense; that the court erred in admitting evidence as to statements made by Ed Hollingsworth, son of the deceased, at the time of or before the shooting, or as to conversations and statements made by the appellee, Warnock, on other occasions in reference to Elwood Skinner and his sister; or as to the fact that Ed Hollingsworth was drinking or drunk on the day of the shooting, or that he had cut a man in Covington, or as to any threat made by Ed Hollingsworth. The only issue in the case, under the pleading, was, whether or not the shooting was accidental. We claim also that the court erred in instructing the jury on the question of self-defense.

## AUTHORITIES CITED.

Beatty v. Dudley, 80 Ky., 381; M. & C. Turnpike Co. v. Maupin, 79 Ky., 101; Rooney v. Tierney, 82 Ky., 253; Sparks v. Com., 3 Bush, 111; Com. v. Mathews, 89 Ky., 289; Chrystal v. Com., 9 Bush, 669; York v. Com., 82 Ky., 360; Chiles v. Drake, 2 Metc., 154.

B. F. BENNETT AND A. E. COLE, ATTORNEYS FOR APPELLEE.

Our contention is that the plaintiff in this case, in order to make out her case, must prove that the killing of her husband was done by the defendant carelessly or wantonly and not in his self defense. These facts are alleged by her, and denied by him, and must be proved in order to make out her case. We claim that it was competent for the defendant, in order to rebut her evidence, to prove any fact tending to show that the shooting was not done carelessly or wantonly, or that it was done in his self defense, or that it was accidental.

We claim it was competent for defendant to show that Ed Hollingsworth, the son of deceased, was drunk and boisterous

and had been so all through the day; that he came into the store where defendant was eating a lunch and assaulted him by striking him twice with his fist, and had been making threats on the street that he was going to whip or kill some one before morning.

Whilst there is some discrepancy in the testimony as to what occurred at the time of the killing, we claim the preponderance of the evidence shows that the shooting of deceased was accidental, and the jury on this trial as well as on the former one having found for defendant, their verdict should not be disturbed.

### AUTHORITIES CITED.

Alexander v. Garrard, 1 Mar., 239; Bucklen v. Thompson, 1 J. J. M., 227; Wallace v. Maxwell, 1 J. J. M., 449; McAnder v. Osborn, 1 J. J. M., 560; Griffith v. Dickenson, 2 B. Mon., 24; Litton v. Young, 2 Metc., 566; Patterson v. Hansel, 4 Bush, 461; Thompson v. Blackburn, 17 B. Mon., 624; McClure v. Eastham, 17 B. M., 156; Smith v. North Bank, Ky., 1 Met., 579; Greenleaf on Evidence, vol. 1, par. 78, 80; Starkie on Evidence (9th Ed.), pp. 534-537.

OPINION OF THE COURT BY JUDGE DURELLE—REVERSING.

This was an action under section 4 of the Kentucky Statutes, which provides: "The widow and minor child, or either or both of them, of a person killed by the careless, wanton or malicious use of firearms, or by any weapon popularly known as colts, brass knuckles, or slung-shots, or other deadly weapon or sand-bag or any imitation or substitute therefor, not in self-defense, may have an action against the person who committed the killing, and all others aiding or promoting, or any one or more of them; and in such action the jury may give vindictive damages." The cause of action alleged was that on November 6, 1894, appellee, not in his self-defense, carelessly and wantonly shot and wounded appellant's husband with a pistol; from the effects of which he died. The appellee denied that he, not in his self-defense, carelessly and wantonly, or carelessly or wantonly, shot and killed

the husband of the plaintiff with a pistol loaded with pow-
der and ball or other hard substance, or with any other
instrument so loaded, or at all.     On the former appeal in
this case 20 R., 883 (47 S. W., 770) this court held that the
words "not in his self-defense" should be taken as qualifying
everything that follows them, including the words "care-
lessly and wantonly," and "carelessly or wantonly," and
the words "or at all," and that, therefore, the plea was
that the killing was done in self-defense.     On the return
of the case appellee filed an amended answer in three
paragraphs, the first paragraph being a traverse of the
charge, following the language of the petition, and prac-
tically the same averment as the one in the original an-
swer.     In the second paragraph he pleaded affirmatively
that he was assaulted and beaten by one Edward Hollings-
worth, and in self-defense fired his pistol, and unfortunate-
ly hit and killed John Hollingsworth.     In the third para-
graph he averred that he was assaulted by one Edward
Hollingsworth; that he believed, and had reasonable
grounds to believe, that he was in immediate danger of
loss of life or great bodily harm at the hands of Edward
Hollingsworth, and to avert the danger, drew his pistol,
and while it was in his hand it was accidentally and unin-
tentionally, but not wantonly or carelessly, discharged,
and shot John Hollingsworth.     It is obvious that the two
defenses of shooting in self-defense and of accidental
shooting are entirely inconsistent, and the court, therefore
properly sustained a motion to require appellee to elect
upon which of the defenses he would rely.     He elected to
rely upon the defense of accidental shooting.

On the trial, which resulted in a verdict for the appel-
lee, it appeared, in substance, that on the night of an elec-
tion John Hollingsworth and his son, Ed were in Kinner's

store, though not in company; that appellee several times remarked that he had "them" or "it" under his feet, and intended to keep "them" or "it" there,—the witnesses differing as to which expression he used; that both Ed. Hollingsworth and appellee were under the influence of liquor; that Ed. Hollingsworth, with an oath, inquired what appellee meant, and was told by appellee; with an opprobrious and profane epithet, that it was none of his business, whereupon Hollingsworth struck appellee, who drew his pistol, which was discharged, killing Ed. Hollingsworth's father, John.   Whether the pistol was discharged accidentally or purposely is disputed.

A number of questions as to the admissibility of evidence have been raised on the appeal.   While the defense that Warnock fired the shot to avert impending danger was eliminated, it is perfectly evident that it was essential to his remaining defense that he should be permitted to show that he drew the pistol to avert threatened danger to his life; otherwise the fact that he drew his pistol at all would be evidence to show, and would be so considered by the jury, that it was drawn without justification, in a crowded store, and therefore that the shot was fired carelessly and wantonly.   The unexplained drawing of the pistol, followed by the death of appellant's husband from a shot fired from it, would be properly considered as tending to prove a careless and wanton shooting.   The law of self-defense, therefore, is applicable in this case as to the drawing of the pistol, and evidence was properly admitted which tended to show that appellee drew the pistol because he had reasonable grounds to believe, and did believe, that he was in imminent danger of death or great bodily harm at the hands of Ed. Hollingsworth.   It was proper, therefore, to admit testimony of declarations

claimed to have been made that day by Ed. Hollingsworth, in the presence of appellee, that he "would cut a man all to hell," and as to his having been discharged from the Covington Railroad yards because he was going to cut the yard master with a knife. Such testimony tended to sustain the claim of the defense that Warnock had reasonable grounds to believe, and did believe, he was in danger, and drew his pistol for the purpose of averting the danger. But other testimony was permitted to go to the jury of threats uttered by Ed. Hollingsworth to the effect that he would kill somebody before morning, which did not appear to have been communicated to Warnock, and therefore could have had no influence in determining his action. And while direct threats against Warnock might have been admissible, though not communicated to him, as tending to show, in case of doubt, who began the attack (Hart v. Com., 85 Ky., 77 (8 R., 714), (2 S. W., 673, 7 Am. St. Rep., 576); Miller v. Com., 89 Ky., 653 (10 R., 672), (10 S. W., 137), these threats seem too general in their nature to be admissible for any purpose. The testimony of Warnock, in explanation of his remark, just before the killing, to the effect that he had "them" or "it" under his feet, etc., was properly admitted, as an explanation of an otherwise apparently ambiguous remark. Whether he should have been permitted to introduce testimony of a conversation just before that time with a third party, tending to show that the remark was made with reference to Kinner's intentions to Warnock's sister, is more doubtful. The statement, however, seems to have been made in continuation of and as part of the conversation, and in that view the whole conversation was admissible. We do not think this, even if irrelevant, could have operated prejudicially to the plaintiff. The evidence as to Ed Hollingsworth having drank liquor at

various times during the day should also, we think, have been excluded as irrelevant to the issue. Without that testimony it was amply proven that he was under the influence of liquor at the time of the killing.

By instruction 1, the court instructed the jury that if they believed from the evidence that appellee "carelessly er wantonly, and not in his self-defense shot John Hollingsworth, the husband of plaintiff, with a pistol loaded with powder and ball, or other hard substance, and that by reason thereof said John Hollingsworth died," they should find for appellant. The converse of this instruction was also given. By instruction 2, the jury were also instructed that if they believed appellee "carelessly or wantonly, and not in his self-defense, shot at Ed. Hollingsworth," and that the shot so fired hit John Hollingsworth, they should find for appellant. By instruction 5, they were told that if, "at the time the pistol was discharged which resulted in the death of John Hollingsworth, the defendant Warnock, was then in danger of loss of life or great bodily harm at the hands of Edward Hollingsworth, or what to him seemed reasonably apparent danger of such injury, that he had the right to use such means as were necessary to protect himself, and to use such force as was necessary, or which to him, under all the circumstances, seemed reasonably necessary, to protect himself from such injury; and, if so acting, he drew the pistol, and the same was accidentally discharged, thereby killing John Hollingsworth, then defendant was excusable, and the jury will find for the defendant." By instruction 6, they were told that if "Warnock caused and brought about the danger of bodily harm referred to in instruction No. 5, then he is not entitled to the rights under the law of self-defense as set out in said instruction No. 5." An instruc-

tion upon punitive damages was given, and the words "carelessly and wantonly" were defined to mean respectively, "the absence of that degree of care an ordinarily prudent person would use under like and similar circumstances," and "the doing of an act in reckless disregard of the consequences thereof, or of its effect upon the person or life of another." The plaintiff asked a number of instructions, which were refused by the court, the law of some of which was, in substance, given by the court, and others of which are practically the same as instructions 1 and 2, except that the words "not in his self-defense" are omitted therefrom. The principal objection to the instructions is based upon the fact that in instructions 1 and 2 the question whether the shooting was in self-defense was submitted to the jury, and by those instructions appellant was required, in order to recover, to prove that appellee "carelessly or wantonly, and not in his self-defense, shot John Hollingsworth." This, appellant contends, placed upon her the burden of proving a negative,— that the shooting was not done in self-defense,—when in fact that the issue tendered by the defense, and which was properly sumbitted to the jury by instruction 5, was whether appellee drew the pistol in self-defense and it was discharged accidentally. In Becker v. Crow, 7 Bush, 202, in an opinion by Judge Peters, construing a statute almost exactly like the one under consideration it was said as to the averment in the petition that the killing was done "not in self-defense:" "In the language of the statute this averment was necessary, because, if it was done in self-defense, the action could not have been maintained; and as the circumstance or fact which would exempt the slayer is in the body of the statute, and not put in by way of a proviso, it was necessary to negative it, otherwise it

would have been a matter of defense which the defendant must have pleaded.    1 Chit. Pl., 322, 323.    These necessary averments were traversed by the first paragraph of the answer, forming an issue of fact under which evidence tending to excuse, or, in the language of the instruction, 'in regard to the justification of the defendant,' was competent, and therefore the instruction was properly overruled." From this opinion and the former opinion in the case at bar it is apparent that the issue of self-defense is raised by a common traverse of the averments of the petition, and under such traverse evidence might be introduced tending to show the justification of self-defense on the one hand, or of accidental shooting, not carelessly or wantonly done, on the other.    In this case appellee chose to rely upon an affirmative plea in confession and avoidance. After his election to rely upon the defense of accidental shooting, his answer stood as an admission that he did not do the shooting in self-defense, with the affirmative averment that he drew his pistol in self-defense and it was shot accidentally.    It was therefore improper in the instructions to require the jury to believe that the shooting was done not in self-defense, for that was admitted.

For the reasons given, the judgment is reversed, and cause remanded, with directions to award appellant a new trial, and for further proceedings consistent herewith.

Judge Hobson, sitting in place of Judge Paynter, who did not sit in this case.