## Taylor v. Franklin, By, etc.

(Decided March 17, 1925.)

Appeal from Webster Circuit Court.

1. Assault and Battery—Instruction on Self-Defense Held Erroreous. —In bystander's action for injuries sustained from shot fired by defendant in alleged self-defense, instruction in effect submitting issue whether to jury it appeared necessary for defendant to shoot to protect himself, held erroneous, the proper issue being whether to defendant it so appeared.

2.  Assault and Battery—Law of Self-Defense Same in Criminal and
     Civil Actions.—Rule as to right to act in self-defense is same
     whether in criminal action or in civil action for damages.

J. C. CANNADY and RAYBURN & WITHERS for appellant.

C. W. BENNETT for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Reversing.

Dr. J. H. Taylor is a practicing physician of Providence. Some trouble arose between him and one Eugene Reynolds over a medical bill. Reynolds is a large man physically and Taylor is rather small. Taylor was informed that Reynolds was making threats to do him violence and procured a pistol, as he says, to protect himself.

Shortly afterward he was preparing to make a professional call. He was to be driven by a young man named Bryant, whose machine was parked some two or three squares from his office.

He states that as he left his office Reynolds was standing nearby and followed him, and accosted him on the way, asking him about a message he claimed to have received the day before; that he told him to shut up and go on about his business, and that Reynolds said, "If I ever catch you I am going to kill you," and continued to follow him; that he again turned and told Reynolds' not to follow him, and Reynolds said, "Scared, scared," that he went on.

Upon his arrival at the machine, Bryant, who had preceded him, called his attention to Reynolds approaching from the rear. Reynolds stooped down and picked up a club and came on with it raised in one hand and with a knife in the other; he called to Reynolds to stop, and on his failing to do so shot one time, after which Reynolds turned and left.

The shot penetrated the upper part of Reynolds' leg, went through it and struck a young man, Herman Franklin, in the thumb, wounding that digit so badly that it had to be amputated. Franklin sued Taylor for the injury and recovered $1,120.00 in damages, and Taylor appeals.

Appellee's testimony is corroborated by several witnesses though contradicted by Reynolds, who states that he was merely returning home and had no intention of injuring the doctor; that the club was only a pine plank

which he had picked up to whittle, and that he was whittling at the time.

Franklin was an innocent bystander; he received serious permanent injuries and the only error claimed on this appeal is the form of the second instruction, which reads:

> "If you believe from the evidence that at the time the defendant shot and wounded the plaintiff, the defendant was about to be or had then and there been unlawfully assaulted by one Eugene Reynolds and that the defendant believed in good faith and had reasonable grounds to believe that the said Eugene Reynolds by such assault was about to then and there inflict upon the defendant death or great bodily harm; and if you shall believe from the evidence that the defendant used no more force than was necessary or appeared to him in the exercise of a reasonable judgment to be necessary to protect himself from such threatened danger, if any, you will find for the defendant."

Under this instruction in order to find for the defendant on the ground of self-defense the jury were required to believe that he had been then and there assaulted by Eugene Reynolds or that he was about to be so assaulted; that is, that he was in actual danger.

The issue thus submitted to the jury was whether it appeared *to them* to be necessary for appellant to shoot in order to protect himself. It should have submitted the issue as to whether it appeared to the *defendant* to be necessary to so shoot for his own protection. Similar instructions have frequently been condemned in criminal cases. Haney v. Commonwealth, 5 Rep. 203; Munday v. Commonwealth, 81 Ky. 233; Keeton v. Commonwealth, 32 Rep. 1164; Waggoner v. Commonwealth, 32 Rep. 1185.

The jury may have believed the testimony of appellant and his witnesses and that he believed and had reasonable grounds to believe that he was in danger of great bodily harm, and that there reasonably appeared to him no other safe means of averting the apparent danger except by shooting Reynolds. This would have excused him on a criminal trial. But although they so believed, if they also believed that Reynolds would have actually passed by without injuring him, under this instruction they must have found for the plaintiff.

There is no reason for a distinction between civil and criminal actions in this particular. So far as justification is concerned the same principle applies to both, and an instruction conforming to that laid down in Waggoner v. Commonwealth, 32 Rep. 1185, should have been given.

True, the instruction in this case followed that directed by this court to be given in I. C. Ry. Co. v. Gunterman, 135 Ky. 438. However, there the assault and battery actually took place and the facts are easily distinguishable from those in this case.

For the reasons indicated the judgment is reversed and cause remanded for proceedings consistent with this opinion.