# Atwood et al. v. Casey County et al.

Feb. 27, 1940.

J. C. Carter, Judge.

G. C. Harding and Fred Faulkner for appellants.

Moore & Pittman for appellees.

OPINION OF THE COURT BY JUDGE REES—Affirming.

On June 28, 1934, D. C. Grubbs, sheriff of Casey county, executed his revenue bond for the collection of county taxes for the year 1934. The appellants Silas Atwood, T. D. Tucker, C. W. Ruberts and several other persons signed the bond as sureties. The sheriff failed to account for all the taxes collected by him for the year 1934, and on January 7, 1936, the members of the fiscal court of Casey county, suing for and on behalf of the county, brought an action against the sheriff and the sureties on his bond to recover the sum of $4,418.85, the amount of 1934 taxes alleged to have been collected by him and not paid over to the county. In an amended petition it was alleged that the county taxes collected by the sheriff and not accounted for by him amounted to $8,877, and judgment for that amount was asked. All of the defendants were served with process. An order was entered appointing Elmer C. Allen special commissioner to make a settlement of the accounts of D. C. Grubbs as sheriff of Casey county. The special commissioner's

report was filed March 1, 1937, and showed that Grubbs had collected and failed to account for $4,012.07 of the 1934 taxes. On June 11, 1937, the following order was entered:

"This case was called up and it appearing to the court that no answer had been filed herein, and the court being advised gives the defendants to motion hour Saturday morning to answer."

No answer, demurrer or other pleading was filed by any of the defendants, although all of them had been duly summoned and judgment was rendered against them for the sum of $4,012.07, with interest thereon at the rate of 6 per cent. per annum from June 1, 1935, and 6 per cent. penalty. Execution was issued, and it appears that the judgment was paid by seven of the defendants, including the three appellants. On September 6, 1937, the defendants who had paid off the judgment moved the court for a judgment against each of the remaining seven defendants for the sum of $327, same being their pro rata part of the judgment rendered on June 12, 1937. This motion was made after notice had been served on the parties. None of the defendants appeared in response to the notice, and judgment was rendred in accordance with the motion. On May 23, 1939, three of the defendants, Silas Atwood, T. D. Tucker, and C. W. Ruberts, appealed from the judgment of June 12, 1937.

The sole ground relied upon for reversal of the judgment is that the petition as amended is fatally defective and insufficient to support the default judgment. It is contended that the petition is defective because it failed to allege that the notice provided for in Section 4134 of the Kentucky Statutes was given to the sureties on the sheriff's bond. Section 4134 provides that the sureties on all the bonds executed by the sheriff shall be jointly and severally liable for any default of the sheriff during the year in which said bond may be executed. Then follow these provisos:

"Provided, that a surety on any bond executed by the sheriff shall not in any event be liable for any act or default of the sheriff occurring in any calendar year other than that within which the bond or bonds shall have been executed; and provided, fur-

ther, that neither the sheriff nor a surety or sureties on any bond or bonds executed by the sheriff shall be liable for any act or default of the sheriff unless the act or default of the sheriff giving rise to a claim upon such bond shall have been given to the surety or sureties by the State Auditor, the judge of the county court the county attorney or other person asserting such claim ninety days after such discovery or at the latest within the period of one year from and after the end of the year within which such bond or bonds shall have been executed.''

It is argued that liability is conditioned upon the performance of the second proviso, and that it is necessary for the performance of this condition to be alleged in the petition seeking to enforce such claim, and the omission of any allegation that the condition has been met renders the petition fatally defective and insufficient to support a default judgment. It is a generally recognized rule of pleading that one who asserts a right conferred by statute but which is subject to a specified exception must negative the exception if it forms a necessary part of the right and is incorporated in the body of the general clause conferring the right and is not separate and distinct from it. On the other hand, if the exception or proviso gives the defendant exemption from liability and is in a clause separate from the clause giving the cause of action, then it is a matter of defense and must be pleaded by the defendant. Kentucky Title Company v. Hail, 219 Ky. 256, 292 S. W. 817; Wolff v. Lanmann, 108 Ky. 343, 56 S. W. 408; Bush v. Wathen, 104 Ky. 548, 47 S. W. 599; Louisville & N. R. Company v. Belcher, 89 Ky. 193, 194, 12 S. W. 195; Becker v. Crow, 7 Bush 198, 201; Commonwealth v. McClanahan, 2 Metc.° 8, 10; Schlemmer v. Buffalo, Rochester, etc., Railway Company, 205 U. S. 1, 27 S. Ct. 407, 51 L. Ed. 681; United States v. King & Howe, Inc., 2 Cir., 78 F. (2d) 693. The rule, approved in Kentucky Title Company v. Hail and Bush v. Wathen, is stated thus in Bliss on Code Pleadings, 202:

"When the exemption is embodied in the body of the clause, he who pleads the clause ought to plead the exception, but when there is a clause for the benefit of the pleader and afterwards follows a pro-

viso which is against him, he shall plead the clause and leave it to his adversary to show the proviso.''

Section 4134 of the Kentucky Statutes, in a general clause, gives the county a right of action against the sureties on a sheriff's revenue bond for any default of the sheriff during the year in which the bond may be executed. In a subsequent clause is a proviso for the benefit of the sureties and against the county. The proviso is not in the body of the clause giving the right of action, and therefore, under the foregoing rule, it was not necessary for the county to plead it. In Bush v. Wathen, supra, Wathen was attacked and injured by a dog owned by Bush. He sued Bush to recover damages for his injuries under a statute which read:

"Every person owning, having or keeping any dog shall be liable to the party injured for all damages done by such dog. But no recovery shall be had in case the person injured is, at the time, upon the premises of the owner of the dog after night, or engaged in some unlawful act in the day-time.'' Kentucky Statutes, 1894, Section 68.

It was held that it was not necessary for the plaintiff to negative the exception in the statute, and, in the course of the opinion, it was said [104 Ky. 548, 47 S. W. 600] :

"It was not necessary for the plaintiff to allege that he was not on Bush's premises after night, or engaged in some unlawful act in the day-time, when the dog injured him. When he alleged that Bush owned the dog, and that it bit and injured him, a cause of action was stated. There is no proviso in the enacting clause to be negatived; neither is there an exception in the clause making the owner liable to a party injured by his dog for the damage done by it. It reads: 'Every person owning, having or keeping any dog shall be liable to the party injured for all damages done by said dog.' There is a proviso, however, in the same section of the statute, but it is a separate and distinct clause; as much so as if it had been in a separate section. When there is an exception in the enacting clause, the plaintiff must negative it. If the exception is in a subsequent clause to that giving the cause of action, then, if it

gives the defendant exemption from liability, he must plead it.''

In the present case, the county pleaded the general clause of the statute enacted for its benefit. In a subsequent clause is a proviso which is against the county and for the benefit of the sureties on the sheriff's bond. Under the rule heretofore stated, it was not necessary for the county, in its petition, to plead the proviso, and if the defendants desired to avail themselves of the benefit of it they should have pleaded it.

The judgment is affirmed.