## Johnson's Ex'r v. Wilkerson et al.

May 7, 1943.

O. B. Bertram and Geo. O. Bertram for appellant.

Ralph Hurt for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER— Affirming.

T. E. Wilkerson as executor of the will of Mrs. Mary C. Johnson, lately of Taylor County, sued her daughter, Mrs. Lois G. Wilkerson, and her husband, charging that after Mrs. Johnson's death they took possession of $1,693 and other sums unknown to the plaintiff which belonged to her and had refused to pay the money over to him. The defendants denied the allegations of the petition and pleaded that shortly before Mrs. Johnson's death she had given or paid Mrs. Wilkerson $450 for waiting upon and caring for her during the time she had lived with them. The Circuit Court was of the opinion that the evidence gave rise to the suspicion that Mrs. Wilkerson may have received part of the $1,243 claimed and that she had more information as to what had become of the money than she and some of her witnesses disclosed; but that the plaintiff had not sustained the burden of proving that she had received or held the money. He was of the further opinion that the defendant had not met the burden of proving the gift or payment of $450, as she had alleged. Accordingly judgment was rendered against her for only that sum. The plaintiff appeals from the disallowance of any further amount.

Mrs. Johnson was 84 or 85 years old when she died January 17, 1941. It appears that she had lived with her daughter, Mrs. Lois Wilkerson, for several years following the death of her husband in 1928; then had gone to her own residence, but returned and made her home with her daughter for about five years before she died. During this time, however, she visited with her other children, including Mrs. Emma Wilkerson, wife of the plaintiff executor. He and the defendant, A. B. Wilkerson, husband of Lois, are brothers. During the previous year Mrs. Johnson had been paid in cash four dividends of

$310.77 each from a closed bank in which she was a depositor. The last payment was made December 18, 1940, one month before her death. About the same time she sold some land to T. E. Wilkerson for $900, one-half of which she withdrew from the bank in cash. It was this money the defendants claimed had been paid them.

Mrs. Johnson appears to have been active for one of her age. The evidence is contradictory as to whether her daughter, the defendant, or her son-in-law, the plaintiff, had assisted her in her small transactions. Likewise, as to her gifts and expenditures. The outstanding fact is that she received this money in cash and it is only partially accounted for. The defendants denied getting it and the plaintiff's evidence does not show that they got it. He does not prove any extraordinary possession or spending of money by them during the period, and the defendants pretty well account for the sources of what little they did spend. There is evidence that the mother gave or spent money for the plaintiff's family from time to time. Quite a large record was built by minute exploration on one side and minute explanation on the other. We concur in the conclusion of the chancellor as to the insufficiency of the evidence in both branches of the case.

The appellant really does not question that conclusion if it was properly ruled he had the burden of proving what had become of the money. He insists that this burden rested upon the defendants and they failed to meet it. He invokes the rule that when a particular fact necessary to be proved rests peculiarly within the knowledge or under the control of one party, the burden rests upon him to produce evidence of it. See Cochran's Adm'x v. Cochran, 273 Ky. 1, 115 S. W. (2d) 376. This rule, sometimes called the burden of evidence, rests upon the logical necessity and demand under the peculiar circumstances that the party in sole possession of evidence will not be permitted to profit by withholding what he knows. If he does not produce that evidence the presumption is that it would be unfavorable to him, sometimes to the point of being conclusive in its nature. It is not unlike the rule of res ipsa loquitur. The rule is usually applied to documents or to records of transactions kept by one of the parties and not the other, or to damage or disposition of property of the complaining person, shown to have been in the other's control or

possession. Less often and with less force it is applied where the evidence of one or more things tends to prove a material consequent fact, or raises a logical presumption, and the disclosure imposes a liability upon the other party who has it within his power to produce evidence of the fact as it actually exists, as for example, when "badges of fraud" have been proven. The rule in neither event relieves a party upon whom rests the burden of proving his allegations of the duty of establishing them merely because it is difficult or inconvenient to do so. Union Central Life Ins. Co. v. Jackson, 195 Ky. 438, 242 S. W. 588; McArthur v. Payne, 201 Ky. 793, 258 S. W. 684; Equitable Life Assurance Society v. Witten, 265 Ky. 448, 97 S. W. (2d) 17; Cochran's Adm'x v. Cochran, 273 Ky. 1, 115 S. W. (2d) 376; 31 C. J. S., Evidence, sec. 113. In this case the rule was properly applied in relation to the $450, which the defendants admitted came into their possession. Nolty's Adm'r v. Fultz, 261 Ky. 516, 88 S. W. (2d) 35. As to the balance of the money, the evidence is that the deceased received it, not the defendants. The fact that she was living with them and it apparently disappeared gives rise only to a suspicion that they got hold of the money and continued to hold it. To say that they did so and did so wrongfully would be to pyramid inferences and the rules of evidence forbids that process of establishing a fact. Ferguson v. Billups, 244 Ky. 85, 50 S. W. (2d) 35; Cf. Morgan v. Walker, 292 Ky. 188, 165 S. W. (2d) 950. In any event, the inference that the defendants may have been in possession of the money was overcome by their positive testimony that they never had it and their explanation as to what the mother did with at least part of it.

The judgment is affirmed.