## Coleman v. Hager et al.

January 30, 1948.

As modified March 12, 1948.

W. A. Daugherty for appellant.

J. E. Childers for appellees.

OPINION OF THE COURT BY JUDGE LATIMER—Reversing.

On August 18, 1946, appellee, Butler Coleman, and Lawson Hager had difficulty which resulted in Lawson Hager losing his life by a stab wound at the hands of Butler Coleman. Hager died from this wound 7 days later. Coleman was indicted, tried and convicted of voluntary manslaughter and his punishment fixed by the jury at confinement in the penitentiary for a period of 21 years. However, this judgment of conviction was reversed by this court in Coleman v. Commonwealth, 304 Ky. 115, 200 S. W. 2d 151.

Pursuant to KRS 411.150, the widow and infant children of the deceased, Hager, brought this action in the Pike Circuit Court seeking recovery of alleged damages in the sum of $25,000. Upon trial of the cause the jury returned a verdict against Coleman in the sum of $15,000. From judgment entered thereon Coleman prosecutes this appeal.

For reversal appellant is here relying on (1) error in refusal to give a peremptory instruction; (2) error in giving certain instructions and refusing to give another; (3) insufficiency of evidence to sustain the verdict; and (4) the excessiveness of the verdict.

The difficulty first arose about the gate in front of Bob Dotson's home and was apparently brought on by Coleman. After this initial difficulty Coleman was being conducted down the road toward his home by his two sons, 16 and 18 years of age. Coleman's home was down the creek just below the Dotson home, and Hager's home was a little further on below Coleman's home. The evidence shows that Hager also left the Dotson gate and was following Coleman and his two sons down the road. Whether or not he too was going on home we do not know, but when a few feet down the road it appears that Coleman and Hager engaged in another fight, wherein Coleman claims that Hager knocked him down and hit him with a rock two or three times, and that in order to defend himself he cut him with a knife.

It is insisted that defendant's motion for a peremptory instruction should have been sustained upon the theory that the evidence establishes, first, that the defendant acted in self defense, and second, that at the time he was stabbed the deceased was engaged in mutual combat with the defendant. Under the state of facts herein we find no merit in this contention.

But we now come to the more meritorious contention of appellant. Appellant admits in brief that there is evidence enough to show that appellant started the difficulty at Bob Dotson's gate, but insists further that in good faith he abandoned the difficulty, and that from that point the deceased, Hager, became the aggressor, and consequently, he was entitled to an instruction on self defense. But the difficulty arises in that by amended answer he sets up the defense of mutual combat. Ordinarily self defense and mutual combat are inconsistent and where both are pleaded, motion to require election should be sustained. If, as a matter of fact, appellant had abandoned the difficulty and was pursued by Hager after such abandonment, the right of self defense would certainly be available, while a plea of mutual combat would be inconsistent. However, be that

as it may, the court overruled motion to require defendant to elect. Under the facts and circumstances of the case this motion should have been sustained and the defendant required to elect. However, the defendant did in effect make an election when, at a later stage of the trial, he offered an instruction on self defense and objected to the giving of an instruction on mutual combat. The rule is the same as to the right to act in self defense whether the action is a civil action for damages or a criminal action. Taylor v. Franklin, 208 Ky. 43, 270 S. W. 462.

Appellees seem to take the position that appellant by pleading mutual combat destroyed his plea of self defense. In support of that position numerous cases are cited, among which are Curtis v. Commonwealth, 237 Ky. 215, 35 S. W. 2d 331; and Mills v. Commonwealth, 240 Ky. 359, 42 S. W. 2d 505. It will be noted in the Curtis case above, in disallowing the self defense instruction, it was said (237 Ky. 215, 85 S. W. 2d 333):

"We find no evidence anywhere that Curtis had at any time abandoned the difficulty."

In the Mills case there was an attempt to qualify the self defense instruction.

Appellant offered instruction in self defense which was refused, and the court instructed only on mutual combat. The statute under which this action was instituted reads in part as follows:

"The widow and minor child, or either of them, of a person killed by the careless, wanton or malicious use of a deadly weapon, not in self-defense, may have an action against the person who committed the killing * * *."

Since the court did not require defendant to elect, and since there was a plea of self defense, and the evidence showed a possibly inferable abandonment, a self defense instruction should have been given and it was prejudicial to the substantial rights of appellant not to give such instruction. We find no merit in the complaint against the instruction as to the measure of damages, and since the judgment must be reversed, it is unnecessary to discuss the matter of the excessiveness of the verdict.

74

Wherefore, the judgment is reversed for proceedings consistent with this opinion.