## Sturgeon et al. v. Baker et al.

January 20, 1950.

As Modified on Denial of Rehearing March 17, 1950.

Ward Yager, Judge.

Wm. G. Reed for appellants.

Harlan Heilman for appellees.

STANLEY, COMMISSIONER—Affirming.

This is an action by the widow and minor child of Marshall Sturgeon to recover damages for his death under the terms of KRS 411.150. It is alleged that on February 29, 1948, the defendant, Phillip Baker, shot and killed Sturgeon "not in his self-defense nor the defense of either of his co-defendants, maliciously and unlawfully." Fred Baker and Douglas Alexander were charged with aiding and abetting Phillip Baker. The defendants denied the allegations generally and pleaded self-defense. The affirmative plea was traversed. The petition was dismissed as against Douglas Alexander. The court directed a verdict for the other defendants, and judgment was entered accordingly.

The plaintiffs proved their relation to the deceased and his death as the result of being shot; also, his age and earning capacity. The defendant, Phillip Baker, was then called as on cross-examination and gave this testimony:

"Q. Can you tell this jury who shot Marshall Sturgeon? A. I did.

"Q. In what county did you shoot Marshall Sturgeon? A. Carroll County.

"Q. And in what place? A. At the home of my brother, Fred Baker, in Gaunt Subdivision, in Carrollton, Kentucky."

This was all the evidence.

At common law, no civil action could be maintained for the wrongful death of a person. Sturges v. Sturges, 126 Ky. 80, 102 S. W. 884; 31 Ky. Law Rep. 537, 12 L. R. A., N. S. 1014. We have two statutes giving such

right. One formerly Sec. 6, Ky. Stats., now KRS 411.130, initially enacted in 1854 following Lord Campbell's Act, has been developed and amended as the result of Sec. 241 of the Constitution of 1890 so as to authorize an action for death through negligence or any other wrongful act. The other, formerly Sec. 4, Ky. Stats., now 411.150, giving the right of action to a widow and minor children of a man killed by the use of a deadly weapon where such killing was not done in self-defense, originated in 1856 in an act to prohibit the sale and use of a deadly weapon. It was amended in 1866 to substantially its present form. Originally these statutes were complementary but latterly supplementary. The genesis and development of these and other statutes relating to death by a wrongful act is interestingly treated by Dean Evans in 21 Kentucky Law Journal, 369, March, 1933. See also O'Donoghue v. Akin, 2 Duv. 478, 63 Ky. 478; Howard's Adm'r v. Hunter, 126 Ky. 685, 104 S. W. 723.

In the present case the important distinction between the two statutes is the provision in KRS 411.150 that the action may be maintained by a widow and minor child of a man who has been "killed by the careless, wanton or malicious use of a deadly weapon, not in self-defense," against the person who committed the homicide and all others aiding and abetting him. The statute expresses these things as a condition of the right and not as an exception or proviso of exemption. It was held in the early case of Becker v. Crow, 7 Bush 198, 70 Ky. 198, to be necessary to negative these factors in the petition because if the killing was done in self-defense, the action may not be maintained. This is in accord with general procedure where the right of action is conferred by a statute upon a specified negative condition. Federal Chemical Company v. Paddock, 264 Ky. 338, 94 S. W. 2d 645; Atwood v. Casey County, 282 Ky. 91, 137 S. W. 2d 1079. Pleading the negative is not merely anticipating a defense. It is to plead in the first instance a fact made an essential condition precedent and without which the particular action may not be maintained. It is to be observed that the present petition properly pleaded the case. The defendants' affirmative plea of self-defense will not be permitted to shift the burden of proof because it is not inconsistent with the denial and cannot be regarded as an admission. 20

Am. Jur., Evidence, Sec. 136. Our question is specifically whether the mere proof of the homicide by the defendant without any evidence with respect to it having been committed maliciously and not in self-defense is sufficient to warrant the submission of the case to the jury.

The appellees, of course, rely upon the general rule that the burden rests upon a party to prove his cause of action and every material allegation placed in issue; moreover, that it is a condition of the statute that it shall be proved that the killing was committed either wantonly or maliciously and not in self-defense.

Several decisions and statements which at first seem to support the appellants' contention are distinguishable by the fact that the cases were under the common law or a statute which does not contain the conditional provision of KRS 411.150.

Pitman v. Drown, 175 Ky. 677, 194 S. W. 913, is a civil action for an assault and battery in which it was held that a plea of son assault demesne places the burden upon the defendant to establish his plea. This is a common law action modified by statute, KRS 411.010, formerly Sec. 73a-1, Ky. Stats., merely permitting proof of provocation in mitigation of punitive damages. Taylor v. Franklin, 208 Ky. 43, 270 S. W. 462, is an action by a bystander for having been shot and wounded. Appellants rely upon this statement in the opinion, "There is no reason for a distinction between civil and criminal actions in this particular. So far as justification is concerned, the same principle applies to bonth and an instruction conforming to that laid down in Wagner v. Commonwealth, 108 S. W. 318, 32 Ky. Law Rep. 1185, should have been given." This statement must be read in connection with the particular question being decided, and that was the form of the instruction of self-defense.

Johnson v. Porter, 208 Ky. 390, 270 S. W. 813, is an action by a personal representative for the wrongful death by shooting of an intestate, brought under Sec. 6, Ky. Stats. The opinion follows Pitman v. Drown, supra, in respect to a plea of self-defense. The distinction here is in the fact, as above shown, that Sec. 6, Ky. Stats., did not and the present statute, KRS 411.130, does not contain the affirmative condition that death

must have been the result of the "malicious use of a deadly weapon, not in self-defense." Phillips' Committee v. Ward's Adm'r, 241 Ky. 25, 43 S. W. 2d 331, is also a case under Sec. 6, Ky. Stats., but as the defendant was a person of unsound mind, it was held necessary that the plaintiff disprove the plea of self-defense made by the defendant's committee.

We consider cases brought under Sec. 4, Ky. Stats., now KRS 411.150. In Hollingsworth v. Warnock, 112 Ky. 96, 65 S. W. 163, the plaintiff had affirmatively pleaded the killing was not committed by the defendant in self-defense and the defendant had also pleaded self-defense (as in the instant case) and, in addition, that the killing was an accident. He had elected to defend on the ground of accidental killing. The evidence fully developed the facts. By having elected to rely on accidental killing, a self-defense instruction was improperly given, although it was said that evidence as to justification was proper as the issue had been raised by the traverse of the allegations of the petition.

In Coleman v. Hager, 307 Ky. 70, 208 S. W. 2d 316, 317, another case brought under this statute by a widow and minor children, the defendant pleaded self-defense and mutual combat. The facts were fully developed, including evidence by the defendant. Expressing the view that the court had improperly overruled a motion to elect, the offering of an instruction by the defendant was regarded as an election to rely upon self-defense. It was held that the court erred in refusing to give a self-defense instruction. The only part of the opinion that could be applicable to our present question is the statement that "the rule is the same as to the right to act in self defense whether the action is a civil action for damages or a criminal action," citing Taylor v. Franklin, supra. We again say that the statement must be read in its context, namely, that the right of self-defense exists in an action under this statute, and the opinion does not consider the question of the burden of proof.

Clolinger v. Callahan, 204 Ky. 33, 263 S. W. 700, is an action brought under the statute for the death of plaintiffs' father. They introduced evidence of the facts and circumstances of the homicide and rested. The defendant did not introduce any testimony, and the judgment went for the plaintiffs. On the appeal the defend-

ants argued that the statute places the burden on the plaintiffs to negative self-defense and that as the beginning of the difficulty was not shown, the killing may have been in self-defense and, therefore, a peremptory instruction for the defendant should have been given. The opinion holds that if the statute should be so construed, the evidence was sufficient to meet the requirement prima facie. However, it proceeds to answer the point and expresses the view that an affirmative instruction on self-defense should not be given in the absence of evidence to sustain it, which, in effect, was to say the burden was not on the plaintiff to negative self-defense. The writer of the opinion apparently overlooked the decision in Souther v. Belleau, 203 Ky. 508, 262 S. W. 619, 36 A. L. R. 956, which was rendered less than a month before, that the necessary averment in the petition that the killing was not in self-defense must be sustained by proof where it is controverted. Therefore, the obiter dictum in Clolinger v. Callahan, supra, is not to be regarded as controlling. On the contrary, we hold that the burden rests upon the plaintiff in an action brought under KRS 411.150 to introduce evidence tending to show that the homicide was "by the careless, wanton or malicious use of a deadly weapon, not in self-defense" as prescribed by the statute. Failing to do so, there is no right of recovery of damages.

The appellants submit that the rule that an adverse presumption arises from the failure of a party to produce testimony relating to a fact which is peculiarly within his own knowledge and the burden is upon him to overcome that presumption. The rule is applicable generally in relation to documents and records, but the burden of going forward with evidence to negative that rare presumption does not relieve a party upon whom rests the burden of proving his necessary allegations merely because it is difficult or inconvenient to do so. Johnson's Ex'r v. Wilkerson, 294 Ky. 208, 171 S. W. 2d 249. We do not think this rule of presumptive evidence is applicable, for the means of proving the facts are equally within the control of each party even though the plaintiff's case depends upon the establishment of a negative. Union Central Life Ins. Co. v. Jackson, 195 Ky. 438, 242 S. W. 588; 20 Am. Jur., Evidence, sec. 139.

The judgment is accordingly affirmed.