**UNIVERSITY OF KENTUCKY, etc.,**
**Appellants,**

**v.**

**James GUYNN, Appellee.**

Court of Appeals of Kentucky.

·Nov. 8, 1963.

John B. Breckinridge, Atty. Gen., Frankfort, W. L. Matthews, Jr., College of Law, Elwood Rosenbaum, Lexington, for appellants.

George E. Barker, Shouse, Barker & Coplin, Lexington, for appellee.

CLAY, Commissioner.

The judgment appealed from affirms an award of $10,000 made by the Board of Claims in a personal injury proceeding against appellants. The award is attacked on several grounds. Court review is limited by KRS 44.140 and KRS 44.150.

Donna Mae Guynn, nine years old, was seriously injured when struck by a station wagon owned by the University of Kentucky and operated by its agent, appellant West. The child was crossing the street from a parked automobile on the south side to attend a school located on the north side. West was proceeding westwardly in the north lane and the child was struck in that lane.

Appellants first contend there was no substantial evidence to support the findings of fact by the Board. Since the Board is only authorized to make an award if the claimant would be entitled to a judgment in an action at law (KRS 44.120), they maintain the evidence would not have been sufficient to submit the issue of liability to a jury. To sustain this argument would require us to hold as a matter of law there was no evidence of substance that West was negligent in the operation of his automobile. We cannot so conclude.

In substance the Board found that the accident occurred in an area marked as a school zone at a time when other children were playing or walking along the sidewalk in front of the school; that West was familiar with this area; that he negligently failed to keep a lookout to observe the safety of pedestrians; and West's negligence was the direct and proximate cause of the child's injuries.

Because circumstantial evidence played an important part in this case, it was peculiarly one for a trier of fact to determine the issue of negligence. The fact that the child had to traverse at least the width of a traffic lane before reaching the point of impact, coupled with the testimony of West that he did not see her until just before she was struck, would permit a reasonable inference that he was not keeping a proper lookout, particularly when he knew school children were moving about in this area. The testimony of West tended to prove he was not at fault, but he was contradicted with respect to one important physical fact (the presence of a double parked car), and some circumstantial evidence was not favorable to him. There was certainly ample substantial evidence to support the Board's determination of liability.

There was an issue of contributory negligence on the part of the child's father concerning which the Board did not make a specific finding. Under the circumstances we must assume the Board decided this issue adversely to appellants, and the evidence justified such a determination.

It is next contended the findings of fact by the Board (required by KRS 44.086) were not "sufficient to fix liability" on appellants. While some of these purported "findings of fact" constituted a discussion of the evidence, when considered with the conclusions of law they constituted a sound basis for the Board's decision. They were therefore adequate.

It is next contended the full Board did not consider this claim since the record showed that one member did not participate. However, KRS 44.070(6) (effective when this claim was considered) provided that an award could be made by two members of the three member Board.

It is finally contended the award of $10,000 was $5,000 in excess of the Board's jurisdiction. At the time Donna Mae Guynn was injured (November 1957) the statutes then effective limited recovery on such a claim to $5,000. In 1958 this amount was raised to $10,000 (KRS 44.070(5)). The amendment increasing the amount became effective in June of 1958 and the claim was subsequently filed on November 26, 1958. Appellants maintain that whatever rights the claimant had were *vested* as of the time the claim accrued, and the 1958 amendment to the law cannot be construed retroactively to increase the amount of the allowable recovery.

The Board of Claims Act does not create causes of action against the Commonwealth. See 81 C.J.S. States § 215 b., page 1307. Its effect is to waive the defense of sovereign immunity by providing a remedy for a particular character of claim. See Commonwealth v. McCoun, Ky., 313 S.W.2d 585. In prescribing this procedure the legislature was acting under section 231 of the Kentucky Constitution, which authorizes the General Assembly to direct the manner and in what courts suits may be brought against the Commonwealth. As a matter of grace, such a remedy may be granted, withdrawn or restricted at the will of the legislature. Commonwealth v. McCoun, Ky., 313 S.W.2d 585; Foley Construction Company v. Ward, Ky., —— S.W.2d ——. In its discretion it may fix or alter the amount recoverable. Commonwealth v. Daniel, 266 Ky. 285, 98 S.W.2d 897.

At *the time of this accident* Donna Mae Guynn had no assertable claim for damages against the Commonwealth except to the extent the legislature had granted a remedy. She had no vested right to sue the State at all, and at least until proceedings were commenced the conditions upon which sovereign immunity would be waived could be changed either for her benefit or to her detriment. At *the time she filed her claim* she had no remedy except the one *then* existing, with its fixed limit of recovery. The date her potential cause of action accrued had no relevancy to the extent of the State's liability (except to start the running of a limitation period). When the claim was filed the Commonwealth had consented to a justiciable liability in an amount not exceeding $10,000. The Board was authorized to award this maximum.

The judgment is affirmed.