**COMMONWEALTH of Kentucky, DEPART-
MENT OF HIGHWAYS, Appellant,**

v.

**Mrs. Elizabeth SMITH, Appellee.**

Court of Appeals of Kentucky.

Oct. 10, 1969.

John B. Breckinridge, Atty. Gen., Don Duff, Dept. of Highways, Frankfort, Charles W. Huddleston, Bowling Green, for appellant.

Cecil Wilson, Wilson, Herbert & Garmon, Walter A. Baker, Glasgow, for appellee.

MILLIKEN, Judge.

This is an appeal from a judgment of the Barren Circuit Court reversing the Opinion and Order of the Board of Claims denying the claimant recovery for injuries sustained in a fall in Glasgow at a public crossing on a state-maintained highway, apparently because the Board of Claims felt she was contributorily negligent.

The appellee, Elizabeth Smith, who was forty-seven years of age, fell and was injured while crossing at the intersection of South Green and Washington Streets in Glasgow. South Green Street is a state-maintained highway. Mrs. Smith had gone shopping with a companion and was crossing the street at a point with which she was not too familiar. This was a busy intersection and she stopped to wait for the traffic light to turn green and watched for traffic before stepping down from the curb. When the light turned green, Mrs. Smith took two steps and fell in a hole in the asphalt which her companion testified was two to four inches deep and four to eight inches wide and which another witness testified was six to eight inches across and four inches deep at most. It was broad daylight and Mrs. Smith did not see the hole and did not know it was there. She had not been at that intersection recently. Another witness testified that he· had seen the street begin to crumble in December 1963, and plaintiff's fall occurred February 5, 1964. We think that the defective condition of the highway at the crossing existed long enough for us to conclude that the Department had constructive notice of it.

The Board's findings are essentially of the same nature as those of a jury and really amount to the conclusion that the claimant was negligent for failing to see what was plainly visible had she looked. This was a reasonable deduction from the evidence it heard—certainly just as reasonable as a conclusion to the contrary would have been. The testimony presented here did not compel a conclusion either way as to whether the claimant was exercising reasonable care for her own safety, so it was within the Board's province to

determine that issue as the finder of fact. The circumstance that the claimant had no prior notice of the hole, and that there was nothing unusual which would have called her attention to it, were factors which the Board had to consider, but which nevertheless did not preclude it from concluding that, despite those factors, she had not exercised ordinary care for her own safety in not looking where she was stepping. In its opinion the full Board commented that failure to use one's senses, such as sight, in these circumstances would constitute contributory negligence which, obviously was the basis of its ruling against the claim. (See University of Kentucky v. Guynn, Ky., 372 S.W.2d 414 (1963) for a discussion of the Board's determination of an issue of negligence.) We recognize that a pedestrian using a public cross-walk has a right to assume that it is a reasonably safe place to walk, 40 Am.Jur.2d, Highways, etc., Section 568, but we are not ready to conclude from that that the crossing of the street may then be made without exercising ordinary care to observe possible rough places or depressions. As to the need of watching where one is stepping on public sidewalks, see City of Louisville v. Stuckenborg, Ky., 438 S.W.2d 94 (1968), where we concluded that plaintiff was contributorily negligent for not seeing a defect plainly visible.

The evidence in this case is not conflicting on the issue of contributory negligence because the only testimony on that issue is the testimony of the claimant and the corroborating testimony of her companion. Does their testimony compel a finding of the absence of contributory negligence as a matter of law? We do not think it does, and for that reason must sustain the conclusion of the Board, and reverse the judgment of the court.

The judgment is reversed.

All concur.