**DEPARTMENT OF EDUCATION and Board of Claims, Commonwealth of Kentucky, Appellants,**

**v.**

**Fred BLEVINS and Letha Blevins, Appellees.**

Supreme Court of Kentucky.

April 10, 1986.

Stanley S. Colvin, J. Gary Bale, Frank Chuppe, Asst. Atty. Gen., Frankfort, for appellants.

Richard Hay, Somerset, for appellees.

LEIBSON, Justice.

Eva Jewell Blevins, the eleven year old daughter of appellants Fred and Letha Blevins, was killed in a school bus accident. Three separate actions were filed in the Board of Claims against the Kentucky Department of Education. The first claim was a wrongful death action filed by the decedent's personal representative seeking damages for the estate for the destruction of the decedent's power to earn money and

for funeral expenses. KRS 411.130. In addition two separate claims were filed, one on behalf of the decedent's father and one on behalf of her mother, seeking damages separately for loss of affection and companionship that they would have derived from their child during her minority. KRS 411.135.

The Board of Claims dismissed both claims filed by the parents, holding that "such an action can only be brought by the personal representative of the deceased." Wayne Circuit Court affirmed dismissal of these claims. The Court of Appeals reversed, holding that under KRS 411.135 the parents had a separate right to recover for their own injury suffered as a result of their child's death. We accepted discretionary review and affirm the decision of the Court of Appeals.

The issue is whether KRS 411.135 provides parents with a right to recover for loss of affection and companionship that would have been derived from the deceased child during minority which is separate and apart from the personal representative's cause of action for wrongful death provided in KRS 411.130.

■ The Court of Appeals decided that the General Assembly, by creating KRS 411.135, created a new and separate statutory remedy for the loss suffered by surviving parents rather than merely enhancing the damages recoverable under KRS 411.130, the wrongful death statute. We agree.

These are two separate and distinct causes of action. The first is the cause of action for wrongful death, initiated by a statute preexisting and preserved by Section 241 of the 1890 Kentucky Constitution. *See Sturgeon v. Baker,* 312 Ky. 338, 227 S.W.2d 202 (1950). Sec. 241 provides as follows:

> "Recovery for wrongful death.—Whenever the death of a person shall result from an injury inflicted by negligence or wrongful act, then, in every such case, damages may be recovered for such death, from the corporations and persons so causing the same. Until otherwise

provided by law, the action to recover such damages shall in all cases be prosecuted by the personal representative of the deceased person. The General Assembly may provide how the recovery shall go and to whom belong; and until such provision is made, the same shall form part of the personal estate of the deceased person."

Under KRS 411.130, the General Assembly has reenacted a wrongful death act as protected by the Kentucky Constitution. The statute authorizes the personal representative of the deceased to prosecute the wrongful death action and provides for distribution of the amount recovered in such an action. The parents may become beneficiaries of such recovery, but only "[i]f the deceased leaves no widow, husband or child." KRS 411.130(2)(d). If the deceased leaves no widow, husband, child, or parents, then "the recovery shall become a part of the personal estate of the deceased." KRS 411.130(2)(e). This language points up the distinct nature of the recovery in such actions.

■ The damages recoverable in the wrongful death action have been clearly defined and limited almost from its inception. The damages are such sum as will fairly and reasonably compensate the decedent's estate for the destruction of the decedent's earning power, and do *not* include the affliction which has overcome the family by reason of the wrongful death. *Louisville and N.R. Co. v. Eakins' Adm'r.,* 103 Ky. 465, 45 S.W. 529 (1898). *See also Louisville and N.R. Co. v. Simrall's Adm'r.,* 127 Ky. 55, 104 S.W. 1011 (1907).

On the other hand, KRS 411.135, the statute creating the right of recovery for a surviving parent "for loss of affection and companionship that would have been derived from such child during its minority," is relatively recent in origin. It was enacted as part of Senate Bill 22 in 1968. It is Section Two of a three part statute styled, "AN ACT relating to wrongful death."

It is noteworthy that Section One of the same bill provided that henceforth "the *personal representative* of a decedent who was injured by reason of the tortious acts of another, and later dies from such injuries, [shall] recover in the same action for both the wrongful death of the decedent and for the personal injuries from which the decedent suffered prior to death." (Emphasis added.) Thus the cause of action for personal injuries prior to death was expressly included in with the claim for wrongful death entrusted to the *personal representative* by KRS 411.130.

By contrast, Section Two directs that it is the surviving parent who "may recover," and the recovery provided is for elements of damages which are peculiar to them, viz., the "loss of affection and companionship that would have been derived from such child during its minority."

Further, Section Two provides that such recovery is "in addition to all other elements of the damage usually recoverable in a wrongful death action." The damages thus provided for are for a loss suffered directly by the parents. They are different in kind and character to the loss suffered by the person killed. The latter flows through to the decedent's estate. The personal representative, suing on behalf of the estate, could have no interest in the loss suffered by the parents and should have no right or duty to represent them in its recovery.

There is no apparent reason, statutory or otherwise, to make the parents' cause of action dependent upon the action taken by the personal representative on behalf of the estate. KRS 411.135 starts with the prefatory phrase, "[i]n a wrongful death action in which the decedent was a minor child." But the statutes says the "parent, or parents, may recover." Thus, taken in context the word "action" in the prefatory phrase means that in a case where wrongful death has occurred to a minor child, the surviving parents are permitted the right to recover for loss of affection and companionship that would have been derived from such child during its minority. The fact

that this recovery is "in addition to all other elements of the damage usually recoverable in a wrongful death action," reenforces this interpretation.

Where a child is killed during minority, the beneficiaries of the recovery in a wrongful death action brought by the personal representative on behalf of the estate under KRS 411.130 may be entirely different from the parents. For example, it is not unusual in this day and age for a dependent child, living at home, to be killed and be survived by children of her own. In such cases the parents' loss may be the greater, being grandparents who must bear both the loss of their own child and the burden of their grandchildren. Nevertheless, the parents are not beneficiaries of the personal representative's wrongful death action.

There is no case squarely in point interpreting KRS 411.135. But the appellees have cited both a law note and a text book specifying that the statute creates a separate cause of action for the parents in their own right for loss of affection and companionship. Savage, *Humpty Dumpty in the Street*, 39 Ky. Bench & Bar 9 (Apr.1975) and Eades, *Kentucky Wrongful Death Actions*, Secs. 4–8 and 7–6 (1981).

The Board of Claims Act, KRS 44.070 to 44.160, is a partial waiver of the Commonwealth's sovereign immunity. *University of Kentucky v. Guynn*, Ky., 372 S.W.2d 414 (1963). The extent of the waiver must be derived from the language of the statute.

The Act states in KRS 44.070(1) that this waiver is "to compensate persons for damages sustained to either person or property as a proximate result of negligence on the part of the Commonwealth, any of its departments or agencies, or any of its officers, agents or employes...."

In KRS 44.070(5) the Act provides that "a single claim for the recovery of money or a single award of money shall not exceed fifty thousand dollars ($50,000), exclusive of interest and costs." The question is whether the parents' claims are separate claims. Although there is no case directly

in point, our recent decision in *Floyd v. Gray*, Ky., 657 S.W.2d 936 (1983) applies by analogy.

In *Floyd v. Gray*, the issue was whether the wife's statutory claim for loss of consortium, arising as a consequence of an injury to her husband in a motor vehicle accident covered by the Motor Vehicle Reparations Act, should be viewed as deriving from her husband's claim. We held that the spouse's claim for loss of consortium "is an independent cause of action authorized by KRS 411.145(2)," i.e., independent of the cause of action for personal injury on behalf of the injured spouse. *Id.* at 938.

"While Mrs. Gray may have suffered a loss by reason of her husband's injuries, any such injuries are not injuries covered by the MVRA and consequently, not within the two year statute of limitations contained therein." *Id.* at 939.

Thus we held that while both the personal injury and the loss of consortium claim derive from the same injury, they belong to separate legal entities, must be separately asserted, and shall not be treated as a single claim. The statute of limitations provided by the MVRA for one does not extend to the other.

█ The cause of action of the surviving parents for loss of affection and companionship asserted by the parents in the present case is no different. It is a statutory cause of action created for the benefit of surviving parents. KRS 411.130 authorizes the personal representative of a decedent to bring a wrongful death action, but gives him neither the right nor the authority to assert the parents' separate statutory claim for loss of affection and companionship that would have derived from their child during its minority. The parents have such a claim without regard to whether the personal representative of the decedent ever asserts a claim for wrongful death, and, indeed, without regard to whether a personal representative is ever appointed.

KRS 411.145(2) which sets out the right of a spouse to recover damages for loss of consortium, is similar in wording to KRS 411.135, which sets out the right of a parent to recover damages for loss of affection and companionship resulting from the wrongful death of their child. It follows that the two statutes should be interpreted consistently.

█ The single element of damages excluded under the Board of Claims Act when injury is occasioned by negligence is liability "for pain or suffering." KRS 44.070(1). The Act provides that "compensation shall not be allowed, awarded, or paid for pain or suffering." *Id.* The Court of Appeals held, and we agree, that loss of affection and companionship of a child caused by the child's death is not "pain and suffering." *See Demars v. Erde*, 55 Or.App. 863, 640 P.2d 635 (1982). The words "pain and suffering" as used in the law are a term of art meaning the "physical pain and mental suffering" attendant to a personal injury. *See Illinois Cent. R. Co. v. Frick*, 256 Ky. 317, 76 S.W.2d 13 (1934); *Deutsch v. Shein*, Ky., 597 S.W.2d 141 (1980). Appellants cite certain dicta from the Court of Appeals' decision in *Blankenship v. Watson*, Ky. App., 672 S.W.2d 941 (1984), which appear to characterize an award of damages to parents for loss of affection and companionship of an infant son as a claim for pain and suffering. If such was the meaning, it is clearly erroneous and it is overruled.

█ In *University of Kentucky v. Guynn, supra*, we stated that under Section 231 of the Kentucky Constitution the General Assembly is authorized to waive sovereign immunity, and "such a remedy may be granted, withdrawn or restricted at the will of the legislature." *Id.* at 416. As presently drafted the waiver granted by the Board of Claims Act does not exclude a parent's claim for loss of affection and companionship of a minor child as created by KRS 411.135. The General Assembly has power to restrict the statute to eliminate this cause of action should it elect to do so. But until such time as the statute is changed, we are obliged to apply it according to its common sense meaning.

The decision of the Court of Appeals is affirmed. The claims of the appellees, Fred Blevins and Letha Blevins, are remanded to the Board of Claims for further proceedings consistent with this opinion.

STEPHENS, C.J., and LEIBSON, WHITE and WINTERSHEIMER, JJ., concur.

VANCE, J., dissents by separate opinion in which GANT and STEPHENSON, JJ., join.

VANCE, Justice, dissenting.

The issue is not, as stated in the majority opinion, whether K.R.S. 411.135 provides parents with a right to recover for loss of affection and companionship that would have been derived from the deceased child during minority, which is separate and apart from the personal representative's cause of action for wrongful death provided in K.R.S. 411.130. It is conceded that the right of recovery provided for parents by K.R.S. 411.135 is in addition to the other recoveries for wrongful death provided by K.R.S. 411.130.

The real issue is whether the right of recovery granted to parents by K.R.S. 411.-135 can be brought in their own name or whether it must be brought on their behalf by the personal representative of the deceased.

A recovery in a wrongful death action for medical expenses and loss of future earnings of a deceased minor is in most cases for the benefit of parents, but it cannot be brought by them in their own names; it must be brought by a personal representative.

Section 241 of the Kentucky Constitution is entitled Recovery for Wrongful Death. It provides:

"Whenever the death of a person shall result from an injury inflicted by negligence or wrongful act, then, in every such case, damages may be recovered for such death, from the corporations and persons so causing the same. *Until otherwise provided by law, the action to recover such damages shall in all cases*

*be prosecuted by the personal representative of the deceased person.* The General Assembly may provide how the recovery shall go and to whom belong; and until such provision is made, the same shall form part of the personal estate of the deceased person." (Emphasis added.)

K.R.S. 411.130 follows the constitutional mandate and designates the beneficiaries of any recovery. Section 1 of the statute provides:

"Whenever the death of a person results from an injury inflicted by the negligence or wrongful act of another, damages may be recovered for the death from the person who caused it, or whose agent or servant caused it. If the act was wilful or the negligence gross, punitive damages may be recovered. *The action shall be prosecuted by the personal representative of the deceased.*" (Emphasis added.)

An action for wrongful death is an action to recover damages for death resulting from a negligent or wrongful act. Kentucky Constitution, Section 241; K.R.S. 411.130(1). The action in this case seeks to recover damages resulting from a death caused by the negligent or wrongful act of another. It is, therefore, a wrongful death action.

The constitution of our state and the statutes of our state clearly require a wrongful death action to be brought by the personal representative of the deceased. It seems clear to me that both the constitution and the statute authorizing wrongful death actions prohibit an action brought individually by the parents.

The obvious reason behind this lawsuit is the attempt to circumvent the $50,000.00 limitation on recovery before the Board of Claims. I will not express any opinion as to whether the personal representative of the deceased could have asserted three separate claims before the Board of Claims, namely, one for the estate of the deceased and one for each of the parents. The fact is that he did not, and that matter is not

before us. The only matter before us is whether the parents can assert a claim for wrongful death in their own name. I read the constitution and K.R.S. 411.130 to say that they cannot.

The majority opinion labors mightily over the concept of a separate cause of action, but insofar as I can discern, does not address the statutory and constitutional requirements designating who must bring the action.

GANT and STEPHENSON, JJ., join in this dissent.