**Brian Keith MOORE, Appellant,**

v.

**KENTUCKY STATE PENITENTIARY (CORRECTIONS CABINET) and Kentucky Board of Claims, Appellees.**

No. 89-CA-644-MR.

Court of Appeals of Kentucky.

March 9, 1990.

Discretionary Review Denied by Supreme Court · June 20, 1990.

Brian Keith Moore Eddyville, pro se.

Barbara W. Jones, Connie V. Malone, Susan Alley, Suzanne D. Cordery, Corrections Cabinet, Frankfort, for appellees.

Before CLAYTON, LESTER and McDONALD, JJ.

McDONALD, Judge.

The appellant, Brian Keith Moore, a Kentucky State Penitentiary inmate at Eddyville, complained about being sick and requested on numerous occasions to see a physician. He claims that his requests

were ignored which caused him to become very angry and he threatened a guard. Because of the threat the appellant was transferred to a security location under disciplinary segregation.

In the process of the transfer appellant's personal property was packed by officers and inmate helpers and placed in the institutional property room. Upon return of the property to the appellant he alleges that property valued at $341.14 was missing or damaged. The appellant filed a complaint with the Board of Claims for negligence, and on January 20, 1988, the board entered an order dismissing appellant's claim on the grounds that the Corrections Cabinet was not negligent.

On January 28, 1988, appellant requested a hearing, although KRS 44.086 grants the Board of Claims the authority to decide without a hearing claims under $500. On February 26, 1988, the full board reviewed the matter and adopted the prior action of January 20, 1988, dismissing the claim. Findings of fact and conclusions of law accompanied the order of dismissal. Therefore, the merits of his claim were reviewed pursuant to *American Beauty Homes Corp. v. Louisville, Etc.*, Ky., 379 S.W.2d 450 (1964).

The appellant appealed the dismissal of the Kentucky Board of Claims to the Franklin Circuit Court. The Franklin Circuit Court dismissed the appeal in summary fashion for lack of jurisdiction pursuant to KRS 44.140 which provides that an appeal may be taken to the circuit court only if the amount in controversy is more than $500.

■ The appellant asserts in his appeal to us that KRS Chapter 44 is unconstitutional by being discriminatory on its face because it does not provide for appeals for claims under $500.

The Kentucky Constitution, Section 231, authorizes the creation of the Board of Claims Act which in some degree waives the Commonwealth's sovereign immunity for limited remedies of certain claims.

*University of Kentucky v. Guynn*, Ky., 372 S.W.2d 414, 416 (1963), tells us that "such a remedy may be granted, withdrawn, or restricted at the will of the legislature." The application of the doctrine of sovereign immunity affords no forum for those in a like position of the appellant to address his grievance or claim. At least, by the creation of the Board of Claims, the appellant was afforded by statutory authority a hearing although the results were not to his liking.

The most troublesome question offered in this appeal is whether the appellant is entitled to an appeal from the Board of Claims to the circuit court under Section 115 of the Kentucky Constitution which says: "In all cases, civil and criminal, there shall be allowed as a matter of right at least one appeal to another court...." Directly repugnant to Section 115 is KRS 44.140 because it says there is no appeal from the Board of Claims if the amount in controversy is less than $500.

*Dept. of Educ. v. Blevins*, Ky., 707 S.W.2d 782 (1986), points out that "[t]he Board of Claims Act ... is a partial waiver of the Commonwealth's sovereign immunity [citing *Guynn, supra*]. The extent of the waiver must be determined from the language of the statute." In regard to the matter before us, the "extent" of the waiver of the statute providing for no appeal in these limited cases is plainly expressed by the legislature and is a creature thereof. Then we ask, How do we avoid Section 115 which grants an appeal in all cases? We conclude that the statute must be read further because it additionally provides "at least one appeal to another court." This presupposes that the appealed cause was in the first instance vested in a court. Here, certainly it was not. The cause herein was originally vested in the Board of Claims which is clearly not a court. Thus, this cause, created by legislative grace, limited by legislative conditions, is therefore not violative of Section 115 of the Kentucky Constitution. For additional consideration, Section 112(5) of the Kentucky Constitution states that "[t]he Circuit Court shall have original jurisdiction of all justiciable causes not vested in some other court." This constitutional provision contemplates only causes which originate in a court and not

those which originate in the Board of Claims.

■ Even Section 2 of our Constitution which prohibits arbitrary power and which has been interpreted to provide an "inherent right of appeal" from an adverse decision of an administrative agency acting in a quasi-judicial role, *American Beauty Homes, supra* at 456, does not in this situation afford Moore a review of the board's decision. In *Wood v. Board of Education of Danville*, Ky., 412 S.W.2d 877, 879 (1967), it was held that "whatever may have been intended by Sections 2, 14, and 26 of the Kentucky Constitution ... it was not intended that those sections should *in any way* impinge on the right of the Commonwealth by its General Assembly under Section 231...." (Emphasis ours.)

Therefore, under the reasoning expressed in this opinion, we affirm the order of the Franklin Circuit Court asserting its lack of jurisdiction.