CITY OF DANVILLE, Appellant,

v.

Neal Ray GOODE and Myrtle Goode, Commonwealth of Kentucky, Transportation Cabinet, Department of Highways, Commonwealth of Kentucky Board of Claims, and Ben Chandler, Kentucky Attorney General, Appellees,

and

Commonwealth of Kentucky, Transportation Cabinet, Department of Highways, Appellants,

v.

Neal Ray Goode and Myrtle Goode, Commonwealth of Kentucky, Commonwealth of Kentucky Board of Claims, and Ben Chandler, Kentucky Attorney General, Appellees.

Nos. 2002–CA–001730–MR, 2002–CA–001768–MR.

Court of Appeals of Kentucky.

Dec. 12, 2003.

Tammy S. Meade, Lexington, KY, for appellant, City of Danville.

Clayton B. Patrick, Frankfort, KY, for appellant, Transportation Cabinet, Department of Highways.

Samuel Todd Spalding, Lebanon, KY, for appellees, Neal Goode and Myrtle Goode.

Before BUCKINGHAM and COMBS, Judges; and MILLER, Senior Judge.[1]

*OPINION*

BUCKINGHAM, Judge.

The City of Danville and the Commonwealth of Kentucky, Transportation Cabinet, Department of Highways, appeal from an order of the Boyle Circuit Court reversing an order by the Board of Claims. The issue in this case is whether Myrtle Goode's loss of consortium claim that she filed with the Board was properly dismissed by the Board as being barred by

---

**1.** Senior Judge John D. Miller sitting as Special Judge by assignment of the Chief Justice

pursuant to Section 110(5)(b) of the Kentucky Constitution and KRS 21.580.

the express provision of KRS[2] 44.070(1). Based on *Williams v. Kentucky Department of Education,* Ky., 113 S.W.3d 145 (2003), we conclude that the Board correctly dismissed Goode's claim.

On October 3, 1995, Neal Goode was struck by a vehicle as he was attempting to cross Main Street in Danville, Kentucky. As a result of the accident, Goode suffered personal injuries. He claimed that the accident was caused because the pedestrian traffic control device had malfunctioned. Goode filed a claim for personal injury damages with the Board, and his wife, Myrtle Goode, filed a claim for loss of spousal consortium.

KRS 44.071 vests the Board of Claims with jurisdiction over claims relating to the maintenance by a municipality of a state-owned traffic control device. The statute reads as follows:

(1) The Board of Claims, created by KRS 44.070, is hereby vested with full power, authority, and jurisdiction to investigate, hear proof, and compensate persons for damages sustained to either person or property as approximate result of negligence on the part of any municipality, or any of its officers, agents, or employees while acting within the scope of their employment by the municipality, or any agency thereof, relating to the maintenance by the municipality of state-owned traffic control devices pursuant to a contract with the Commonwealth.

(2) Claims for personal injury or property damage against any municipality, or any of its officers, agents, or employees while acting within the scope of their employment of the municipality, arising out of negligence in the maintenance of state-owned traffic control devices pursu-

ant to a contract with the Commonwealth, shall be limited and reduced in the same manner as described in KRS 44.070 with respect to claims against the Commonwealth.

(3) It is the intention of subsections (1) and (2) of this section to provide every municipality and agency thereof, and their respective officers, agents, or employees with the same liability protection, restrictions, and reductions when such municipalities and agencies are performing maintenance on state-owned traffic control devices pursuant to a contract with the Commonwealth as the Commonwealth and its agencies, officers, and employees would enjoy if performing the work itself.

KRS 44.071.

The Board ordered the dismissal of Myrtle Goode's claim for loss of spousal consortium in an order entered on November 15, 2001. It held that her claim was "barred by the express provision of KRS 44.070(1)." That statute provides in relevant part that the Commonwealth "shall not be liable for collateral or dependent claims which are dependent on loss to another and not the claimant." KRS 44.070(1).

Myrtle Goode appealed the dismissal of her claim to the Boyle Circuit Court, and the circuit court reversed the Board's order of dismissal and referred Goode's claim back to the Board for further proceedings. The circuit court relied on the cases of *Department of Education v. Blevins,* Ky., 707 S.W.2d 782 (1986), and *Transportation Cabinet v. Thurman,* Ky. App., 897 S.W.2d 597 (1995). Separate appeals to this court were filed by the City of Danville and the Transportation Cabinet.

---

**2.** Kentucky Revised Statutes.

Since the circuit court's order reinstating Goode's claim was entered in this case, the Kentucky Supreme Court rendered its decision in the *Williams* case. That case involved loss of parental consortium claims in the Board of Claims against the Department of Education. In affirming the dismissal of loss of parental consortium claims, the *Williams* court stated as follows:

> The loss of consortium claims are premised on our holding in *Department of Education v. Blevins*, Ky., 707 S.W.2d 782 (1986), that damages for loss of consortium were recoverable under the Board of Claims Act because they were not specifically excluded by KRS 44.070(1). *Id.* at 785. *Blevins* was rendered on April 10, 1986. Effective July 15, 1986, the General Assembly amended KRS 44.070(1) to exclude "collateral or dependent claims which are dependent on loss to another and not the claimant." 1986 Ky. Acts, ch. 499, § 3. That amendment abrogated the holding in *Blevins*.

*Id.* at 156.

While the case *sub judice* involves a loss of spousal consortium claim, the *Blevins*, *Thurman*, and *Williams* cases all involved loss of parental consortium claims. However, the Kentucky Supreme Court stated as follows in the *Blevins* case:

> KRS 411.145(2) which sets out the right of a spouse to recover damages for loss of consortium, is similar in wording to KRS 411.135, which sets out the right of a parent to recover damages for loss of affection and companionship resulting from the wrongful death of their child. It follows that the two statutes should be interpreted consistently.

*Id.* at 785. Therefore, the principles in the *Williams* case are applicable to this case.

We conclude that the court's holding in the *Williams* case is dispositive of the issue herein. Goode's loss of spousal consortium claim is barred by KRS 44.070(1) which precludes liability "for collateral or dependent claims which are dependent on loss to another and not the claimant." As the *Williams* court noted, the 1986 amendment of KRS 44.070(1) to include the aforementioned language "abrogated the holding in *Blevins*." 113 S.W.3d at 156.

The order of the Boyle Circuit Court is reversed.

ALL CONCUR.